AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| | ) Case No. 5:21-MJ- 232 (ATB) |
| | ) |
| ERIC JACKSON, | ) |
| | ) |
| **Defendant** | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of November 15, 2020 in the county of Onondaga in the Northern District of New York the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) | Distribution and Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:
See affidavit

☒    Continued on the attached sheet.

*Complainant's signature*
Alicia Scanlon, Special Agent
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date:  4/21/21

*Judge's signature*

City and State:   Syracuse, New York          Hon. Andrew T. Baxter, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

## AGENT BACKGROUND

I, Alicia Scanlon, having been duly sworn, do hereby state and depose as follows:

1. I am a Special Agent employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et. sec., and Title 18, United States Code, Section 2516. Prior to becoming a Special Agent with the Drug Enforcement Administration, I was employed, for approximately six years as a corporal (Patrolman) in the Radford (Virginia) Police Department. In March 2005, I was hired by the Drug Enforcement Administration (DEA) and was accepted to attend the DEA Basic Agent Training (BAT) Academy in Quantico, Virginia. I have been a Special Agent with the DEA since June 2005. Upon graduation from the DEA Academy, I have been assigned to the DEA Syracuse Resident Office. I am currently assigned to a DEA Task Force consisting of law enforcement agents from other federal, state, and local agencies. For the more than twenty (20) years I have been a law enforcement officer, I have participated in investigations regarding unlawful drug distribution in violation of both federal and state laws.

2. I have participated in numerous successful investigations into illicit drug distribution networks and have interviewed defendants, informants and others who were sellers, distributors, or users of narcotics and other illicit drugs. I have been involved in the monitoring, intercepting and recording of court ordered wiretaps, including, being the affiant and co-case

1

agent on multiple large scale Drug Trafficking Organizations (DTOs) operating in and around the Northern District of New York areas. I have participated in numerous search warrants and arrest warrants involving narcotics trafficking. As discussed below, I have been the affiant for multiple affidavits submitted in support of applications for orders authorizing the interception of wire and electronic communications over multiple cellular telephones utilized by conspirators in the instant investigation. In addition to my above-mentioned experience, I have had the opportunity to speak with and observe other federal and state narcotics officers with regard to the manner in which narcotics are possessed, sold and distributed in the Northern District of New York area. I have participated in numerous searches of residences, businesses, and vehicles in which controlled substances, drug paraphernalia, currency, and records were discovered. My experience as well as conversations with other law enforcement officers, as detailed herein, will serve as the basis for any opinions or conclusions set forth below.

## PURPOSE OF AFFIDAVIT

3.      I make this affidavit in support of a criminal complaint charging Eric JACKSON with distribution and possession with the intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## BASIS FOR INFORMATION

4.      I have personally participated in the investigation of the above offenses. I have also spoken with other law enforcement officers involved in the investigation. On the basis of that information, I am familiar with most aspects of this investigation.

5. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe establish probable cause for the complaint.

## FACTS ESTABLISHING PROBABLE CAUSE

6. During the week of November 15, 2020, a cooperating source (hereafter the CS[1]) made a controlled purchase of methamphetamine from Eric JACKSON. Agents and investigators met the CS at a pre-determined location where the CS and his/her vehicle were searched and the CS was provided with DEA Official Advanced Funds (OAF) to purchase the methamphetamine from JACKSON. The pre-buy search of the CS and his/her vehicle was negative for the presence of drugs, weapons, and contraband. The CS did have money on his/her person that agents kept until after the controlled purchase was completed. The CS was then followed by investigators to a residence in Syracuse, NY, which at the time was believed by investigators to be the primary residence of JACKSON (hereinafter, the Jackson Residence).

7. A short time after the CS arrived at the building housing the Jackson Residence, surveillance observed the CS go into the upstairs apartment that law enforcement understood to be JACKSON's residence. A short time later, surveillance observed an unidentified male walk from the second floor apartment (i.e., the Jackson Residence) to the bottom floor apartment. Shortly after, surveillance observed the same unknown male leave the bottom floor apartment and walk back to the second floor apartment (i.e., the Jackson Residence). A few minutes later,

---

[1] The CS does not have any criminal convictions. The CS has provided information to law enforcement in this investigation and others in exchange for financial compensation. Information previously provided by the CS has been corroborated by other evidence in the past, and deemed to be reliable

3

surveillance observed the same unknown male leave the second floor apartment and walk down the stairs and proceed back into the first floor apartment. Investigators then observed the same male leave the bottom floor apartment, walk to the parking lot and enter a sedan. The unknown male left the area, followed by members of the surveillance team. The unknown male stopped briefly at another location, and then returned, approximately ten minutes later to the Jackson Residence.

8. Around the same time that the unknown male returned to the Jackson Residence, law enforcement observed the CS exit the residence, followed by JACKSON. The CS left the residence followed by surveillance. Thereafter, the CS turned over the purchased methamphetamine to law enforcement. The CS's vehicle and person were searched with negative results for drugs, money or contraband. The CS stated that he/she contacted JACKSON on the telephone for the purpose of ordering the methamphetamine. The CS said that he/she went inside the Jackson Residence to conduct the hand-to-hand drug transaction. The CS said that the CS provided JACKSON the money, and JACKSON weighed out and gave the CS the methamphetamine. The CS stated there was another male present at that time, but that the male left during the course of the transaction. The substance acquired by the CS field tested positive for the presence of methamphetamine.

## CONCLUSION

9. In light of the foregoing, I respectfully submit that there is probable cause to believe that Eric JACKSON is guilty of distribution and possession with the intent to distribute a controlled substance, to wit: a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States

4

Code, Sections 841(a)(1) and (b)(1)(C).

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

_____
Alicia Scanlon, Special Agent


I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on April 21, 2021 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Andrew T. Baxter
United States Magistrate Judge

5